IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                                  No. 13-CR-02983-MCA

MICHAEL ANTHONY FIELDS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Michael Anthony Fields' post-judgment motion, filed on October 26, 2015, which seeks to void his plea agreement and vacate the forfeiture of his seized assets. [Doc. 82] The Court, having reviewed Defendant's submission, the relevant law, and being otherwise fully advised in the premises, will notify Defendant that it intends to characterize his post-judgment motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and afford Defendant leave to withdraw or amend his motion.

Defendant was charged by Indictment with one count of conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b), three counts of access device fraud in violation of 18 U.S.C. § 1029(a)(5), and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. [Doc. 6] Pursuant to the Indictment, Defendant's property or proceeds used in or derived from the commission of the crimes of conspiracy to commit access device fraud and/or access device fraud were subject to forfeiture under 18 U.S.C. §§ 982(a)(2)(B) and 129(c)(1)(C). [Doc. 6]

On April 25, 2014, Defendant entered into a plea agreement with the Government, whereby he agreed to plead guilty to Count 2 of the Indictment, which charged Defendant with access device fraud in violation of 18 U.S.C. § 1029(a)(5), and Count 5 of the Indictment, which charged Defendant with aggravated identify theft in violation of 18 U.S.C. § 1028A.  [Doc. 35 at 2]  Pursuant to Fed. R. Civ. P. 11(c)(1)(C), the parties agreed "that the total sentence of imprisonment will be 62 months:  38 months on Count 2, and 24 months consecutive on Count 5." [Doc. 35 at 5]  Defendant agreed to waive his right to appeal a conviction and sentence "imposed in conformity with the plea agreement" and to waive "any collateral attack to the Defendant's convictions and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering" the plea agreement."  [Doc. 35 at 8]

Pursuant to the plea agreement, Defendant agreed, as part of his sentence, that the Court "will enter an order of restitution to pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A in the total amount of $22,249.47," for which he and his co-defendants would be jointly and severally liable.  [Doc. 35 at 6]  Defendant also agreed to forfeit "whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case."  [Doc. 35 at 7]  In particular, Defendant "voluntarily and immediately agree[d] to forfeit to the United States all of Defendant's right, title and interest in the follow assets and properties:"

      a. Funds in the amount of $28,961.42 in U.S. Currency seized form Defendant's bank accounts with JP Morgan Chase, which were administratively forfeited to the Department of Homeland Security on or about January 31, 2014; and
      b. Funds in the amount of $30,000 in U.S. Currency seized from Defendant's safe deposit box #1228 at JP Morgan Chase Bank in Lansing, IL, which were administratively forfeited to the Department of Homeland Security on or about January 31,

2014.

[Doc. 35 at 7]   Defendant also abandoned "any and all interest he may have in a 2010 Audi Q7, VIN WA1WMAFE8AD006172."   [Doc. 35 at 7]

On September 25, 2014, the Court accepted Defendant's guilty plea, accepted the plea agreement, imposed a sentence of imprisonment of 62 months, and order restitution in the amount of $22,216.67.[1]   [Doc. 61]   Additionally, consistent with the stipulation in the plea agreement, the Court ordered Defendant to forfeit: (1) the funds in the amount of $28,961.42 seized from his JP Morgan Chase bank accounts; (2) the funds in the amount of $30,000 seized from his safe deposit box, and (3) the 2010 Audi Q7.   [Doc. 61]   Thereafter, the Court dismissed Counts 1, 3, 4, 6 and 7 of the Indictment pursuant to the plea agreement [Doc. 69] and rendered final judgment on October 9, 2014.   [Doc. 70]

On August 3, 2015, Defendant requested the Government to "show cause" for the seizure of "money and now my personal jewelry and family heirlooms" from Defendant's safe deposit box "without the proper hearing."   [Doc. 79]   The Government responded that "the Department of Homeland Security administratively forfeited $30,000 in cash from a safe deposit box as proceeds of criminal activity" and Defendant had "waived any challenge to the administrative forfeiture of this currency in his plea agreement."   [Doc. 80]   The Government stated that it "was not asserting any claim to the remaining items of personal property" and that Defendant's "mother was free to collect the contents of the box and close it out if she wished."   [Doc. 80]   In light of the Government's response, the Court denied Defendant's request as moot.   [Doc. 81]

On October 26, 2015, Defendant, proceeding pro se, filed the present post-judgment

---

[1] Defendant was ordered to pay restitution in the amount of $8,074.88 to the U.S. Bank, $4,000.00 to HSBC, and $10,141.79 to Bank of America.   Defendant's liability for the order of restitution was imposed "[j]ointly and severally with co-defendants."   [Doc. 61]

3

motion requesting that "the plea agreement should be VOID on its FACE."  [Doc. 82]  Furthermore, Defendant seeks the return of his forfeited property and assets, including his personal jewelry and 2010 Audi Q7, in light of a Wall Street Journal Article dated January 20, 2015 regarding allegedly abusive civil forfeiture practices.  [Doc. 82]  The Government responds that Defendant's post-judgment motion should be treated as a collateral attack on his conviction and sentence, which should be denied because Defendant waived the right to collaterally attack his conviction and sentence in his plea agreement and Defendant has failed to establish "that his plea was not knowing or voluntary."  [Doc. 83 at 2]

Defendant is incarcerated and is proceeding pro se and, therefore, the Court will liberally construe Defendant's motion and hold it "to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, it is not the "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*  Furthermore, Defendant's pro se status does not excuse the obligation to comply with the fundamental requirements of the Federal Rules of Criminal Procedure.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Federal Rule of Criminal Procedure 11(e) provides that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."  Rule 11(e) is jurisdictional and, therefore, the Court lacks jurisdiction to grant a motion to withdraw a guilty plea after the imposition of sentence.  *United States v. Spaulding*, 802 F.3d 1110, 1119-27 (10th Cir. 2015), *cert. granted* (U.S. December 24, 2015).

Because Defendant's sentence has been imposed and judgment has been entered, the relief

4

Defendant seeks only is available "on direct appeal or collateral attack."  Fed. R. Crim. Proc. 11(e).  The time for filing a direct appeal has passed, *see* Fed. R. App. Proc. 4(b)(1)(A) (providing that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed"), and, therefore, the Court intends liberally to construe Defendant's post-judgment motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

> Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), when
>
>> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383.  Therefore, the Court will notify Defendant that it intends to recharacterize his post-judgment motion as a § 2255 motion and afford Defendant an opportunity to withdraw the motion or to amend it to add additional claims.  *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must:  "(1) specify all grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant").  In doing so, the Court expresses no opinion as to whether any proposed additional claims would be timely filed under 28 U.S.C. § 2255(f).  *See* § 2255(f) (imposing a one-year statute of limitation on § 2255 motions); *see also United States v. Verners*, 15 F. App'x 657, 660 (10th Cir. 2001) (noting that the one-year limitations period is subject to

5

equitable tolling and that "the question of equitable tolling is ripe for adjudication only when a § 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or by the court *sua sponte*") (unpublished).

IT IS THEREFORE ORDERED that Defendant is granted leave to amend or withdraw his post-judgment motion [Doc. 82], which the Court intends to construe as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, within thirty (30) days of the date of entry of this Order and the Clerk of Court is directed to mail defendant an application pursuant to 28 U.S.C. § 2255 with instructions.

_____
UNITED STATES CHIEF DISTRICT COURT JUDGE