IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                       No. 15-CV-01187-MCA-WPL
                                          No. 13-CR-02983-MCA

MICHAEL ANTHONY FIELDS,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on the United States of America's Motion to Dismiss Defendant's Habeas Petition as Untimely, filed on May 17, 2016. [CV Doc. 4; CR Doc. 86] Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will grant the United States of America's motion, dismiss Defendant's § 2255 motion, and enter judgment.

On October 26, 2015, Defendant Michael Anthony Fields, proceeding pro se, filed a post-judgment motion seeking to void his plea agreement and vacate the forfeiture of his seized assets. [CR Doc. 82]  In a Memorandum Opinion and Order filed on March 4, 2016, the Court informed Defendant that the relief he seeks only is available via a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [CR Doc. 84]  Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the Court informed Defendant that "it intends to recharacterize his post-judgment motion as a § 2255 motion and afford Defendant an opportunity to withdraw the motion or to amend it to add additional claims." [CR Doc. 84 at 5]  Defendant failed to withdraw

or amend his post-judgment motion and, therefore, the Court recharacterized it as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a new civil case was opened. [CR Doc. 85]

On May 17, 2016, the United States of America filed the present Motion to Dismiss Defendant's Habeas Petition as Untimely, alleging that Defendant's § 2255 motion was filed more than one year after his conviction became final and, therefore, is time-barred pursuant § 2255(f)(1). [CV Doc. 4; CR Doc. 86] Defendant failed to file a response to the motion to dismiss. "To ensure that the merits of the motion are fully briefed prior to adjudication," the Court set a briefing schedule on the motion to dismiss, which permitted Defendant to file a response "no later than June 30, 2016." [CV Doc. 5; CR Doc. 88] Defendant failed to file a response by the June 30th deadline or anytime thereafter. Therefore, the motion to dismiss is unopposed. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

"A movant must generally file a § 2255 motion within one year from the date [his] conviction becomes final." *United States v. Valencia*, 472 F.3d 761, 763 (10th Cir. 2006); *see* 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final"). "In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal

appeal." *Id.* at 1227-28.

The Court entered judgment on Defendant's conviction and sentence on October 9, 2014. [CR Doc. 70] Defendant did not file a direct criminal appeal and, therefore, his conviction became final fourteen days later, on October 23, 2014. *See* Fed. R. App. Proc. 4(b)(1)(A) (providing that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment"); Fed. R. App. Proc. 26(a)(1) (instructing that, in computing deadlines under the Federal Rules of Appellate Procedure, "exclude the day of the event that triggers the time period; . . . count every day, including intermediate Saturdays, Sundays, and legal holidays; and . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continue to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Therefore, Defendant had one year from October 23, 2014, or until October 23, 2015, in which to file his § 2255 motion. However, Defendant's § 2255 motion was not filed until October 26, 2015—three days after the one-year deadline. [CV Doc. 1; CR Doc. 82]

The Court recognizes that Defendant's § 2255 motion contains a "Certificate of Service" which certifies that "a true and exact copy was served upon the U.S. Attorney Office District of New Mexico, this 23rd day of Oct., 2015." [CV Doc. 1 at 2; CR Doc. 82 at 2] Pursuant to the prison mailbox rule, a prisoner's mailing "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005). "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* at 1165. An inmate may establish a timely filing under the prison mailbox rule in one of two ways:

> (1) alleging and proving that he or she made timely use of the
> prison's legal mail system if a satisfactory system is available, or (2)

3

> if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166; *see also* 28 U.S.C. § 1746 (setting forth the requirements for unsworn declarations under penalty of perjury).

Defendant's § 2255 motion does not mention the existence of a legal mail system and, therefore, cannot be considered timely under the first method of establishing compliance with the prison mailbox rule.  *See Price*, 420 F.3d at 1166 (holding that an allegation that a prisoner used "'the institutional mails' is insufficient to connote use of the 'legal mail system'").  Defendant's § 2255 motion also fails to satisfy the second method for establishing compliance with the prison mailbox rule, because the "Certificate of Service" was not certified or affirmed under penalty of perjury.  *See id.* at 1167 (holding that a prisoner's certificate of service was insufficient because "there is no 'under penalty of perjury' language as specifically required by 28 U.S.C. § 1746"); *see also United States v. Miles*, 343 F. App'x 392, 393 (10th Cir. 2009) (noting that "to be in compliance with § 1746, the inmate must 'subscribe' his information 'as true under penalty of perjury'" and emphasizing that declarations omitting the "penalty of perjury" language are insufficient) (unpublished).  Based on the foregoing, the Court concludes that Defendant cannot avail himself of the prison mailbox rule and his § 2255 motion was filed on the date on which it was received by the Court:  October 26, 2015.

Although the one-year limitation period set forth in § 2255(f)(1) is subject to equitable tolling, Defendant bears the burden of establishing that the doctrine of equitable tolling is applicable.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstances stood in his way."); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration omitted)). Defendant has failed to respond to the motion to dismiss, much less raise a claim of equitable tolling and, therefore, the Court concludes that his § 2255 motion is time-barred under § 2255(f)(1).

In light of the foregoing, the Court also concludes that Defendant has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

IT IS THEREFORE ORDERED that the United States of America's Motion to Dismiss Defendant's Habeas Petition as Untimely [CV Doc. 4; CR Doc. 86] is GRANTED;

IT IS FURTHER ORDERED that Defendant's § 2255 motion [CV Doc. 1; CR Doc. 82] is DISMISSED with prejudice, a certificate of appealability is DENIED, and judgment will be entered.

_____
UNITED STATES CHIEF DISTRICT COURT JUDGE